STATE OF MAINE
CUMBERLAND, ss.
SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-21-187

PATRICK DONAHUE,          )
                          )
    **Plaintiff,**          )
                          )
    v.                    )          **ORDER**
                          )
JUSTIN CHAMBNERLAIN,      )
                          )
    **Defendant**          )

Before the court is Plaintiff's Motion for Ex Parte Attachment on Trustee Process. For the following reasons, Plaintiff's motion is denied.

## I. Factual Background

This case arises out of an alleged partnership between Plaintiff, Patrick Donahue, and Defendant, Justin Chamberlain. Plaintiff alleges that he and Defendant entered into an oral contract to carry out a marijuana cultivation venture. The Plaintiff agreed to provide land for the marijuana grow and cover the start-up and maintenance of costs of the overall operation. The Defendant maintained that he had experience in marijuana cultivation and agreed to grow, harvest, and otherwise prepare the marijuana crop for sale.

The operation cultivated 90 marijuana plants at the Plaintiff's personal residence. 60 of these plants were grown outdoors and 30 were grown indoors under specifically controlled conditions. The operation cultivated an additional 30 indoor marijuana plants at the Defendant's separate residence. The projected harvest across all 120 plants was approximately 244 pounds of marijuana. The Plaintiff alleges that under the terms of the partnership agreement and certain projected marijuana prices, the Plaintiff's anticipated profit from the sale of the 244 pounds of marijuana should total $189,534.48.

RECD CUMB CLERKS OFC
JUL 20 '21 04:03

The Plaintiff alleges that the Defendant absconded with all 244 pounds of marijuana, as well as various farm and cultivation tools. The Plaintiff alleges that he has not received any profits from any marijuana sales. The Plaintiff filed this action alleging: wrongful conversion; breach of fiduciary duty; and fraudulent inducement. The Plaintiff also filed this Motion for Ex Parte Attachment on Trustee Process in the amount of $218,914.19. The attachment sought represents: Plaintiffs' share of the projected marijuana profit; $4,850 for stolen tools; $4,110.76 for one half of the cost of a stolen "trimmer machine;" and $20,418.95 for the costs that Plaintiff alleges he was required to spend to hire staff to complete certain tasks left incomplete by the Defendant.

## II. Legal Standard

The court shall grant an order approving attachment and trustee process only upon a finding that "it is more likely than not" that the plaintiff will recover judgment equal to the aggregate sum of the attachment and trustee process. M.R. Civ. P. 4A(c); 4B(c). The plaintiff must prove by a preponderance of the evidence that he will succeed on the merits of his claim, as well as recover an amount equal to or greater than the amount of the attachment sought. *See Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993). The motion for attachment and trustee process must be supported by affidavits setting forth "specific facts sufficient to warrant the required findings." M.R. Civ. P. 4A(c), (i); 4B(c).

Attachment may be entered ex parte if: "there is a clear danger that the defendant if notified in advance of attachment of the property will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment, or there is immediate danger that the defendant will damage or destroy the property to be attached." M.R. Civ. P. 4A(g).

## III. Discussion

The Plaintiff has failed to show by a preponderance of the evidence that he is likely to recover a sum equal to or greater than the $218,914.19 amount sought. The Plaintiff and Defendant held individual marijuana caregiver licenses. Based on the record presented, the partnership between the Plaintiff and Defendant appears to violate a number of marijuana caregiver regulations and the sale of the projected marijuana would be in excess of what is allowed under a marijuana caregiver license. It is an "elementary common law rule that courts will not enforce illegal contracts, or contracts which are contrary to public policy, or which are in contravention of the positive legislation of the state. *Bureau of Maine State Police v. Pratt*, 568 A.2d 501, 505 (Me. 1989). Accordingly, the court cannot approve attachment on the amount sought because it reflects a sale of marijuana that would contravene Maine's marijuana caregiver legislation and its attendant regulations.

For one, individual caregivers "are prohibited from participating in a collective as defined in 22 M.R.S. § 2422(1-A)." 18-691 C.M.R. Ch. 2 § 6(K). A collective is defined as "an association, cooperative, affiliation or group of caregivers who physically assist each other in the act of cultivation, processing, or distribution of marijuana for medical use[.]" 22 M.R.S. § 2422(1-A). Moreover, a caregiver "may not assist another caregiver in acts of cultivation or processing, which includes growing, harvesting, drying, manufacturing, storage, and dispensing; or in those duties designated to the caregiver and related to the administration of marijuana for medical use." 18-691 C.M.R. Ch. 2 § 6(K)(a).

Here, the very partnership upon which Plaintiff's theory of recovery is based appears to be the sort of "collective" that is expressly prohibited under Maine's marijuana cultivation regulations. The record indicates that the Plaintiff assisted in a number of marijuana cultivation activities, particularly with regard to the 90 marijuana plants housed at Plaintiff's personal residence. Accordingly, based on the record presented, the

Plaintiff cannot prove that he will more likely than not recover the projected profits from the marijuana cultivation partnership because that venture itself appears to have been unlawful from its inception.

Additionally, caregivers are only permitted to cultivate 30 mature marijuana plants at one time, and are prohibited from transferring more than 75% of the caregiver's total yearly harvest through wholesale transaction. *See* 22 M.R.S. §§ 2423-A(2)(B), (K-1). Here, considering arguendo that the Plaintiff and Defendant could combine their 30-plant allotment into a joint 60-plant venture, the operation harvested a total of 120 mature marijuana plants in less than two months. Indeed, 60 of the mature outdoor marijuana plants were harvested at one time off Plaintiff's own property. Moreover, the Plaintiff seeks attachment and trustee in the amount he would have received if 100% of the crop had been impermissibly sold through wholesale transaction.

Combined, these, and other regulations left unmentioned, prohibit the Plaintiff from obtaining attachment and trustee under the circumstances because the marijuana cultivation partnership with the Defendant was conducted in violation of Maine's marijuana cultivation laws. The court cannot enforce the partnership as evidenced in the record because doing so would contravene the positive marijuana caregiver legislation and regulations of the state of Maine. Accordingly, because the Plaintiff has established that he and Defendant likely carried out an unlawful marijuana operation, he cannot establish that he is entitled to enforce that unlawful agreement.

## IV. Conclusion

The Plaintiff has not proven by a preponderance of the evidence that he is likely to recover a sum greater than or equal to the $218,914.19 amount sought for attachment because he cannot establish that his marijuana cultivation venture was indeed lawful.

The entry is:

Plaintiff's Motion for Attachment and Trustee is DENIED.

Dated: _July 19, 2021_

_____

MaryGay Kennedy, Justice
Maine Superior Court